12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. ALEXANDER, Plaintiff-Appellant,
v.
Margaret H. JEFFRIES, Deputy Warden of East Unit; Mary P.
Weir, CPO II, East Unit, Defendants-Appellees.
 No. 93-15830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner James L. Alexander appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous. He contends that defendants slandered and defamed him and refused to remove defaming documents from his prison file. We have jurisdiction under 28 U.S.C. Sec. 1291.[1] We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we reverse and remand to the district court.
 
 
 3
 Pursuant to 28 U.S.C. Sec. 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325. Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a cause of action under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 624 (9th Cir.1988).
 
 
 5
 Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 703 (1976); Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). An action for damages to reputation "lies ... in the tort of defamation, not in [42 U.S.C. Sec.] 1983." Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.), cert. denied, 488 U.S. 889 (1988).
 
 
 6
 Although a prisoner has no constitutional right to be conditionally released before the expiration of a valid sentence, state early release statutes can create a liberty interest protected by Due Process guarantees. Greenholz v. Inmates of Nebraska, 442 U.S. 1, 7 (1979).
 
 
 7
 Here, the basis of Alexander's Sec. 1983 action is that the defendants slandered him by calling him a "troublemaker" and that the slander was placed in his prison file. Although injury to reputation lies in the tort of defamation, and generally not in a Sec. 1983 action, the fact that defendants recorded Alexander as a "troublemaker" might affect his parole release, and thus may infringe upon a liberty interest protected under the Due Process Clause of the Fourteenth Amendment. See Id.
 
 
 8
 However, Alexander's pro se complaint failed to articulate clearly that the defendants' allegedly slanderous remarks could threaten a protected liberty interest in his parole release. Nevertheless, Alexander's pro se action contains an arguable basis in law, and therefore he should have been given leave to amend his complaint. Thus, the district court erred by dismissing the case under Sec. 1915(d). See Neitzke, 490 U.S. 324; Haines, 404 U.S. at 520; Noll, 809 F.2d at 1446. The order is therefore reversed, and the matter remanded to the district court to give Alexander an opportunity to amend his complaint so that he may firmly address whether defendants' allegedly slanderous remarks may have threatened his liberty interest in an early parole release.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, plaintiff's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Alexander's February 24, 1993 motion for reconsideration was struck by the district court as defective, his notice of appeal filed on April 26, 1993 is timely. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1420 (1984) (motion for reconsideration suspends time to appeal even if it is so defective procedurally that it could not have been granted); Fed.R.App.P. 4(a)(4)(iii); Fed.R.Civ.P. 59(e)